# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL H. O'KEEFE | CIVIL ACTION |
| VERSUS | NO: 18-4379 |
| UNITED STATES OF AMERICA, ET AL. | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss filed by defendants, the United States of America through the Department of Justice and Assistant United States Attorneys Kevin Boitman and Harry P. McSherry (Doc. #9) is **GRANTED**, and plaintiff's claims against them are **DISMISSED**.

## BACKGROUND

This matter is before the court on a motion to dismiss filed by defendants, the United States of America through the Department of Justice and Assistant United States Attorneys Kevin Boitman, and Harry P. McSherry. The moving defendants argue that plaintiff's claims against them are barred by the Heck Doctrine.

Plaintiff, Michael H. O'Keefe, filed this action alleging claims under 42 U.S.C. § 1983 for malicious prosecution and conspiracy to violate his constitutional rights arising out of his criminal prosecution and conviction in this court. In 1995, the Grand Jury in the Eastern District of Louisiana indicted O'Keefe and others for conspiracy, mail fraud, wire fraud and money laundering. United States v. Michael O'Keefe, Sr., et al., Criminal Action No. 95-106. Following a two-week trial in 1996, a jury found O'Keefe guilty of conspiracy to commit mail and wire fraud, two counts of wire fraud, three counts of mail fraud, and ten counts of money laundering. This court sentenced O'Keefe

to serve 235 months in the custody of the Bureau of Prisons. The United States Court of Appeals for the Fifth Circuit affirmed.

O'Keefe alleges in this action that the government maliciously prosecuted him because, when he served as a Louisiana State Senator in the 1950's and 1960's, he introduced legislation to integrate public schools and facilities. O'Keefe also alleges that former Assistant United States Attorney Robert Boitman acted improperly during his criminal trial because Robert Boitman failed to turn over exculpatory documents and knew that two witnesses would commit perjury. O'Keefe also alleges that the defendants intervened in his business holdings to cause him financial harm and that the United States Attorney's Office for the Eastern District of Louisiana failed to properly respond to his *habeas corpus* petitions. Finally, O'Keefe contends that the Department of Justice improperly failed to release him when the Supreme Court of the United States issued a decision in United States v. Santos, 553 U.S. 507 (2008), which O'Keefe argues invalidated his money laundering conviction.

The United States through the Department of Justice and Assistant United States Attorneys Kevin Boitman and Harry P. McSherry filed the instant motion to dismiss arguing that O'Keefe's claims are barred by the Heck Doctrine because any recovery against them in this action by O'Keefe would imply the invalidity of O'Keefe's criminal conviction, which has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

## ANALYSIS

### I. Motion to Dismiss Standard

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United

States, 281 F.3d 158, 161 (5th Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

## II. The Heck Doctrine

In Heck v. Humphrey, 114 S.Ct. 2364, 2372-73 (1994), the Supreme Court of the United States held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

The Court stated that it "den[ies] the existence of a cause of action" under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned." Id. at 2373-74. Further, in Edwards v. Balisok, 117 S.Ct.1584, 1587-88 (1997), the Supreme Court of the United States found that when a plaintiff makes allegations in a civil suit brought pursuant to § 1983 that are inconsistent with a criminal conviction, his civil suit is barred under Heck, which "requires dismissal of claims not meeting its preconditions for suit[,]" and the "preferred order of dismissal would read: Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

3

O'Keefe's criminal convictions have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, O'Keefe cannot pursue his malicious prosecution claim against the United States of America through the department of Justice or Assistant United States Attorneys Kevin Boitman and Harry P. McSherry because O'Keefe's prevailing on those claims would render his convictions invalid or be inconsistent with his convictions. Thus, the moving defendants' motion to dismiss is GRANTED, and O'Keefe's claims against them are dismissed with prejudice to their being asserted again until the Heck conditions are met.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss filed by defendants, the United States of America through the Department of Justice and Assistant United States Attorneys Kevin Boitman and Harry P. McSherry (Doc. #9) is **GRANTED**, and plaintiff's claims against them are **DISMISSED**.

New Orleans, Louisiana, this __10th__ day of August, 2018.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

4